## A92A1346. GREEN v. THE STATE.
(422 SE2d 288)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant's sole enumeration of error relates to instances wherein the State allegedly introduced his character into issue.

The undercover officer who made the purchase of cocaine testified as to the events which culminated in that transaction. According to the officer, he was driving through an area known for drug activity when he observed appellant. The officer was then asked: "Based on what you knew about the mode of operation [in] the area and what you observed from [appellant], was he a suspect at this time?" Clearly, there was no error in overruling appellant's objection to this question. It did not elicit a response concerning appellant's activities on any occasion other than that under investigation. The question merely asked the officer whether, based upon his own prior experience and personal observations, appellant had been suspected of engaging in drug activity on this occasion. Thus, the question elicited a non-hearsay response which was relevant to the res gestae of the very crime for which appellant was being tried.

In two other instances, the trial court sustained a hearsay objection before the officer could complete his answer. No objections based upon the introduction of appellant's character were ever made. In any event, the officer never completed his answers and no character evidence was, therefore, ever introduced.

In another instance, the officer referred to the existence, in police files, of "a prior case. . . ." Before the officer could identify that "prior case" as one which involved appellant, the trial court sustained an objection and instructed the jury to disregard the reference. Moreover, the record demonstrates that appellant's prior conviction for selling cocaine was admitted as substantive similar crimes evidence.

The admission of that prior conviction is not enumerated as error. Accordingly, the officer's reference to an otherwise unidentified "prior case" could scarcely have harmed appellant.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Edwards & McLeod, Jennifer McLeod, for appellant.*

*Thomas J. Charron, District Attorney, Thomas E. Cauthorn III, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.